IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ILLUMINA, INC, and ILLUMINA CAMBRIDGE LTD.,

Plaintiffs,

v.

QIAGEN N.V., QIAGEN GmbH, QIAGEN GAITHERSBURG, INC., QIAGEN SCIENCES, LLC, QIAGEN INC. (USA), QIAGEN REDWOOD CITY, INC., AND INTELLIGENT BIO-SYSTEMS, INC.,

Defendants.

No. C 16-02788 WHA

**REQUEST FOR INFORMATION**

Rule 4(k)(2) provides that for claims under federal law, service of a summons or filing a waiver of service is sufficient to establish personal jurisdiction over a defendant if: "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction" and "(B) exercising jurisdiction is consistent with the United States Constitution and laws." In applying Rule 4(k)(2), the Federal Circuit and the Ninth Circuit hold that application of Rule 4(k)(2) is appropriate unless a defendant contesting personal jurisdiction identifies any other state where suit is possible. *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009); *Holland Am. Line Inc. v. Wartsila N. Am. Inc.*, 485 F.3d 450, 462 (9th Cir. 2007).

By **WEDNESDAY, JULY 13 AT 5:00 P.M.**, Qiagen N.V. shall identify a state where it concedes it would be subject to personal jurisdiction.

**IT IS SO ORDERED.**

Dated: July 12, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE