IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC, and ILLUMINA CAMBRIDGE LTD., <br><br> Plaintiffs, <br><br> v. <br><br> QIAGEN N.V., QIAGEN GmbH, QIAGEN GAITHERSBURG, INC., QIAGEN SCIENCES, LLC, QIAGEN INC. (USA), QIAGEN REDWOOD CITY, INC., AND INTELLIGENT BIO-SYSTEMS, INC., <br><br> Defendants. | No. C 16-02788 WHA <br><br> **ORDER GRANTING MOTION TO SUPPLEMENT COMPLAINT TO ASSERT NEW PATENT AND VACATING HEARING** |

**INTRODUCTION**

In this patent infringement action involving DNA sequencing technology, the patent owner seeks to supplement its complaint to assert claims from a newly-issued patent. For the reasons stated below, the patent owner's motion is **DENIED**.

**STATEMENT**

The details of the technology at issue have been summarized in a prior order and need not be restated here (Dkt. No. 113). This order sets forth the procedural history relevant to the instant motion.

Plaintiffs Illumina Inc., and Illumina Cambridge Ltd. (collectively, "Illumina") own U.S. Patent No. 7,566,537, which covers labeled nucleotides used in DNA sequencing. In September, Illumina won a preliminary injunction prohibiting United States sales of the

GeneReader NGS System by defendants Qiagen GmbH, Qiagen Gaithersburg, Inc., Qiagen Sciences, LLC, Qiagen Inc. (USA), Qiagen Redwood City, Inc., and Intelligent Bio-Systems, Inc. (collectively, "Qiagen") (Dkt. No. 113). Qiagen did not dispute infringement of the '537 patent for the purposes of Illumina's motion for a preliminary injunction. Instead, it asserted numerous invalidity theories, which proved unlikely to succeed on the merits.

Qiagen appealed the order granting the preliminary injunction on an expedited basis and moved for a stay of the injunction pending the appeal. At the hearing on that motion, the undersigned offered to set this case on an expedited schedule with a trial date in February or March of 2017, so as to minimize the time that Qiagen remained subject to the preliminary injunction (Dkt. No. 134 at 5–6). Although Qiagen expressed interest in an expedited trial, to date, it has not accepted that offer and trial remains scheduled for November 2017. An order granted in part and denied in part Qiagen's motion to stay the injunction (Dkt. No. 135).

Qiagen then moved before the Federal Circuit for a stay of the injunction. In its brief on that motion, Qiagen stated that it wanted to await the Federal Circuit's ruling before accepting an early trial date (Walter Decl., Exh. 2 at 4 n.2). On November 2, the Federal Circuit denied the motion to stay the preliminary injunction pending the appeal (Dkt. No. 150). A hearing on the appeal of the preliminary injunction is scheduled for January 12.

Meanwhile, in August, the United States Patent and Trademark Office granted U.S. Patent No. 9,410,200 to Illumina. The '200 patent, which is a continuation of the '537 patent, relies on the same specification of the '537 patent. The claims of the '200 patent are similar to those of the ' 537 patent, though they narrow certain terms that formed the crux of Qiagen's invalidity arguments.

Illumina now moves to supplement its complaint to assert claims for infringement of the '200 patent. Qiagen opposes the motion. This order follows full briefing.

**ANALYSIS**

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction occurrence, or

event that happened after the date of the pleading to be supplemented." District courts have "broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1998). The touchstone of an appropriate supplementation is that it allows "the entire controversy between the parties [to] be settled in one action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

Here, it is beyond dispute that allowing supplementation would serve the purpose of judicial efficiency and enable the parties to resolve the whole controversy. Illumina's proposed supplemental claims accuse *the very same product* already accused in this action.

Qiagen contends it would be prejudiced if Illumina is allowed to supplement its complaint because the supplementation would add to the issues in the case and because it would result in a litigation over the merits before Qiagen has had the opportunity to challenge the '200 patent before the Patent Trial and Appeals Board with an *inter partes* review (although Qiagen has not yet filed any IPR petition).

Qiagen notes that even if the narrowed claim terms in the '200 patent conclusively resolved some of the invalidity issues it raised with regard to the '537 (which arguments the undersigned determined are unlikely to succeed) those issues persist as to the '537 patent. That is, the narrower claims of the '200 patent do not *subtract* from the issues in this litigation. Instead, the narrower claims simply avoid duplicating some of the issues already in our case. Moreover, Qiagen argues that the '200 patent adds *new* issues. For example, the '200 patent includes new claim elements that specify the properties of the chemical groups that link nucleotides to their labels. The '200 patent also requires the *removal* of the protecting groups that prevent the addition of new nucleotides while existing nucleotides are detected, rather than merely requiring that such groups be *removable*, as in the '537 patent. These new issues will require additional discovery, claim construction, and motion practice.

Qiagen fails to explain why these new additions will be so burdensome as to compel us to delay our current schedule with a trial date in November (a year away) or to cause undue

3

burden in maintaining that schedule. Indeed, it ignores the vast commonality between the two patents and the synergy gained by litigating them in a single action.

Moreover, Qiagen's concern with delay rings hollow, inasmuch as after two months it has still failed to pursue the Court's offer to schedule an expedited trial. Qiagen's excuse that it wants to wait for the Federal Circuit's decision before accepting an expedited schedule seems thin since any expedited trial could be scheduled to occur after that decision comes down. Furthermore, while this motion was pending, Qiagen announced that it had designed around the injunction of the '537 patent (though this Court has not blessed any design-around), so Qiagen does not appear to need an expedited trial schedule anymore (Walter Reply Decl., Exh. 1). Even if an expedited trial on the '537 patent occurs, the addition of the '200 patent would present no unmanageable problem.

Qiagen's desire to avoid the expenditure of resources during the pendency of a hypothetical IPR challenge is similarly unpersuasive. To date, Qiagen has not filed an IPR petition. Moreover, it is not certain that the undersigned would stay the proceedings pending Qiagen's proposed IPR petition. In any case, a partial stay as to issues unique to the '200 patent would be entirely manageable, and allowing discovery to proceed on issues common to both patents would prove more efficient than requiring Illumina to litigate its claims in an entirely separate action.

Ultimately, Qiagen's opposition to Illumina's motion appears to be a ploy designed to allow it to relitigate its contentions that Qiagen N.V. is not subject to personal jurisdiction here or that the action as a whole should proceed in Delaware, which arguments were largely rejected in a prior order (Dkt. No. 64). (Jurisdictional discovery was allowed as to certain issues, but Qiagen ultimately consented to jurisdiction here rather than incurring the cost of such discovery.) This order will not deny Illumina's meritorious motion to supplement its complaint with claims involving a largely similar patent simply so Qiagen can engage in wasteful and redundant motion practice.

4

**CONCLUSION**

For the reasons stated above, Illumina's motion to supplement its complaint is **GRANTED**. Illumina shall file its supplemental complaint by **DECEMBER 17**, and Qiagen shall answer or otherwise respond to the supplemental complaint by **JANUARY 5**.

The hearing set for **DECEMBER 1** is hereby **VACATED**, no notice of a junior attorney being assigned to argue.

**IT IS SO ORDERED.**

Dated: November 29, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE