IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC, and ILLUMINA CAMBRIDGE LTD.,<br><br>  Plaintiffs,<br><br>  v.<br><br>QIAGEN N.V., QIAGEN GmbH, QIAGEN GAITHERSBURG, INC., QIAGEN SCIENCES, LLC, QIAGEN INC. (USA), QIAGEN REDWOOD CITY, INC., AND INTELLIGENT BIO-SYSTEMS, INC.,<br><br>  Defendants. | No. C 16-02788 WHA<br><br>**PRECLUSION ORDER FOLLOWING REFUSAL TO PRODUCE EVIDENCE AND PROTECTIVE ORDER** |

The Court has reviewed the letter from Attorney John Cooper, noting that defendants agree to the proposal made at the hearing on January 27 (Dkt. No. 195). Accordingly, the Court orders as follows:

Defendants are precluded from referring to or relying on the sequencing chemistry used in their new product for *any* purpose at summary judgment or at trial (or any other purpose). In light of defendants' consent to this preclusion, their request for a protective order regarding discovery relating to the new chemistry (excluding the protecting group) is **GRANTED**.

To be clear, this order entirely precludes any discussion of the new chemistry by defendants; it does *not* allow defendants to raise the issue with the condition that the jury will be instructed about their stonewalling. (That option was mentioned at the hearing but never offered to defendants and was superseded by the total preclusion alternative.)

This order does not address whether defendants may rely on the new chemistry as evidence of a design around if we reach the question of a permanent injunction. It also does not address *other* sequencing chemistries that may have been considered before defendants launched the accused products.

**IT IS SO ORDERED.**

Dated: February 1, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE